**No. 58544.**—Maurice Lobsitz v. United States, protests 133970–K (A) and 133970–K (B) (Providence).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 58545.**—Atlas Converting Co. v. United States, protest 184832–K (Ogdensburg).

Opinion by WILSON, J. An examination of the official papers failing to disclose any reason for disturbing the collector's classification, which was presumptively correct, the protest was overruled.

**No. 58546.**—M. Farris & Co., Inc. v. United States, protest 224423–K (New York).

Opinion by WILSON, J. An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

**No. 58547.**—William A. Hoffman, Inc. v. United States, protest 225647–K (New York).

Opinion by WILSON, J. An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.